NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| JACKSON HEWITT, INC. : | | **Hon. Dennis M. Cavanaugh** |
| : | | |
| Plaintiff, : | | **OPINION** |
| : | | |
| v. : | | Case No. 10-cv-5330 (formerly Consolidated Case No. 10-cv-05108) (DMC) (JAD) |
| : | | |
| DJSG UTAH TAX SERVICE, LLC, : DONALD GODBEHERE, and SHEILA : GODBEHERE; : | | |
| : | | |
| Defendants. : | | |

---

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Defendants Donald Godbehere and Sheila Godbehere (collectively, "Defendants") for Reconsideration of this Court's Opinion and Order dated December 22, 2011, granting the motion of Plaintiff Jackson Hewitt, Inc. ("Plaintiff") for a preliminary injunction with temporary restraints. ECF No. 291 in Case No. 10-5108. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After reviewing the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' Motion is **denied**.

I.     BACKGROUND AND PROCEDURAL HISTORY

The underlying facts of this action are well known to the parties, and will not be set forth here.  A thorough explanation of those facts is set forth in this Court's Opinion dated January 4, 2012, from which Defendants seek relief.  ECF No. 268.  On January 30, 2012, Defendants filed the present Motion for Reconsideration, asserting that they had not received notice of Plaintiff's Motion for an Order to Show Cause, leaving them unable to properly respond.  Defs.' Mot. Br. 4, ECF No. 291-1 in Case No. 10-5108.  Plaintiff filed Opposition on February 21, 2012.  ECF No. 300 in Case No. 10-5108.  On May 30, 2012, Magistrate Judge Joseph A. Dickson entered an Order deconsolidating this matter, and requiring the parties to file all future documents in the original case number.  ECF No. 321.  The matter is now before this Court.

II.    STANDARD OF REVIEW

Motions for reconsideration in this District are governed by D.N.J. CIV. R. 7.1(i).  U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  A motion for reconsideration shall be served and filed within fourteen days after the entry of the Order on the original motion by the Judge.  Further, Rule 7.1(i) requires that a movant submit "concisely the matter or controlling decisions which the party believes the [Judge] has overlooked."  A motion pursuant to Rule 7.1(i) may be granted in only three limited circumstances.  Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). The first involves establishment that an intervening change in the controlling law has occurred.  Id.  The second involves presentation of new evidence that could not have been confronted in the prior disposition because it was not previously available.  Id.  The third involves correcting a clear

error of law or preventing manifest injustice involved in a prior order.  Id.

Reconsideration is "an extraordinary remedy" that is to be granted "very sparingly."  NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).  Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision.  Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994).  It is improper to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).

**III.   DISCUSSION**

The Court begins by noting that Defendants' submission is untimely.  This Court filed the Order that Defendants wish to have reconsidered on January 4, 2012.  Defendants' January 30, 2012 Motion was clearly served and filed beyond fourteen days after the entry of the Order, and the Court might therefore deny the Motion on that basis alone.  See, e.g., Wilder v. AT&T, No. 99-5667, 2008 U.S. Dist. LEXIS 28052, at *3-4 (D.N.J. March 31, 2008) (denying motion for reconsideration solely because of timeliness) (citing T.H. & K.H. v. Clinton Twp. Bd. of Educ., No. 05-3709, 2006 U.S. Dist. LEXIS 40358 at *5 (D.N.J. June 16, 2006)).

Beyond the issue of timeliness, Defendants fail to set forth a sufficient basis for their Motion for Reconsideration.  Defendants' Motion does not raise any newly discovered facts, any overlooked decisions of controlling law, or any indication of a manifest injustice or clear error of law by the Court.  Rather, Defendants' Motion is premised solely on Counsel's assertion that

Defendants did not receive electronic notice of filings in this matter.  Counsel himself, however, did receive notice of these filings, but Defendants explicitly instructed him not to take any action in this matter and not to forward duplicate notices to Defendants.  Defs.' Mot. Br. 2.  Defendants' argument that this willful ignorance of Court Orders amounts to a basis for the Court to rethink what it has already decided is an insufficient basis to support their Motion.  Accordingly, Defendants' Motion will be denied.

### IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration is **denied**.  An appropriate Order accompanies this Opinion

      S/ Dennis M. Cavanaugh
      DENNIS M. CAVANAUGH, U.S.D.J.

Date:   August   8 , 2012
Orig.:   Clerk
cc:       All Counsel of Record
           Hon. Joseph A. Dickson, U.S.M.J.
           File